Anna S. McLean (No. 142233)
Nathaniel Spencer-Mork (No. 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6666
Facsimile: (415) 772-6268

John C. Ulin (No. 165524)
Patricia K. Oliver (No. 193423)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> M & S MARKET INC., a California corporation doing business as M & S MARKET; ALEJANDRO PENALOZA, individually and doing business as D & A DISCOUNT; ALI AHMED ALI, individually and doing business as FIESTA LATINA MARKET; ABDULLA SALEH OBAID, individually and doing business as FIESTA LATINA MARKET; ANTONIO GONZALEZ SALAZAR individually and doing business as GONZALEZ MARKET; GUADALUPE GONZALEZ SALAZAR, individually and doing business as GONZALEZ MARKET; AREF AHMED ALI, individually and doing business as FIESTA LATINO; BENGALS, INC., a California corporation doing business as OLD TOWNE FOOD MARKET (4); BHAJAN S. SANDHU, individually and doing business as RAPIDO FOOD MARKET; RABINDER K. SANDHU, individually and doing business as RAPIDO | Case No.: <br><br> COMPLAINT FOR: <br><br> (i)  LANHAM ACT -- § 32 (15 U.S.C. § 1114); <br> (ii)  LANHAM ACT -- § 43(a) (15 U.S.C. § 1125 (a)); and <br> (iii)  COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT |

1  FOOD MARKET; BUFORD OIL COMPANY
   INC., a California corporation doing business as
2  LOST HILLS TEXACO; EMILIO TELLEZ,
   individually and doing business as TELLEZ
3  PRODUCE; GENEVA F. KELTNER,
   individually and doing business as LONDON
4  GENERAL STORE-DINUBA; ROY F.
   KELTNER, individually and doing business as
5  LONDON GENERAL STORE-DINUBA;
   JUAN ORTEGA CORONA, individually and
6  doing business as LA NORTENA BAKERY;
   JULIA RAMOS CORONA, individually and
7  doing business as LA NORTENA BAKERY;
   JUANA PATRICIA ORTIZ, individually and
8  doing business as LA MICHOACANA
   MARKET; ROGELIO ORTIZ, individually and
9  doing business as LA MICHOACANA
   MARKET; KULWINDER K. BASSI,
10 individually and doing business as DOLLAR
   MART; SATINDER SAHOTA, individually
11 and doing business as DOLLAR MART; LE
   TIEN NGO, individually and doing business as
12 SPECIAL DISCOUNT 99; MIEN K. NGO,
   individually and doing business as SCOTTY'S
13 DONUT; MOHAMED A. SAIBAAN,
   individually and doing business as M & L
14 MARKET; MOHAMED ALI ADEL,
   individually and doing business as FAMILY
15 FOOD MARKET; NASSER SALEH ALAMRI,
   individually and doing business as GOSHEN
16 AMIGO MARKET; OMER ALI SALEH
   ALAMRI, individually and doing business as
17 OXXO MARKET; RAJ PANDHER,
   individually and doing business as CASA
18 BLANCA MARKET; SUKHA SINGH,
   individually and doing business as CASA
19 BLANCA MARKET; RITO VALERO,
   individually and doing business as PARADISE
20 VIDEO & MINI MART; GRACIELA
   VALERO, individually and doing business as
21 PARADISE VIDEO & MINI MART; SHAWN
   ROS, individually and doing business as OUR
22 PLACE; YORN YIN, individually and doing
   business as OUR PLACE; TWO WAY FRUIT
23 STAND, INC., a California corporation doing
   business as TWO WAY FRUIT STAND, INC.
24 (2); and DOES ONE through TEN, inclusive,

25                                    Defendants.

COMPLAINT

1    Plaintiff PHILIP MORRIS USA INC. ("Philip Morris USA"), for its complaint

2  herein against all entities as set forth on Exhibit A (collectively "Defendants"), attached

3  hereto and incorporated by reference, alleges as follows:

### JURISDICTION AND VENUE

5    1.    This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §§

6  1331, 1338(a) and (b); (ii) 15 U.S.C. §1121, as an action for violation of the Lanham Act,

7  15 U.S.C. §§ 1051 et seq.; and (iii) 28 U.S.C. § 1367(a), pursuant to the principles of

8  supplemental jurisdiction.

9    2.    Philip Morris USA is informed and believes and thereupon alleges that venue

10  is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things,

11  Defendants reside or are found in this judicial district and a substantial part of the events or

12  omissions giving rise to the claims herein occurred in this judicial district.

### NATURE OF THE ACTION

14    3.    This is an action for:  (i) infringement of registered trademarks in violation of

15  Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and

16  trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15

17  U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the

18  common law of the State of California.  As described more fully below, Defendants have

19  sold, offered for sale, or otherwise contributed to the sale of counterfeit MARLBORO®

20  and/or MARLBORO LIGHTS® brand cigarettes, and are therefore liable for direct and/or

21  contributory infringement of Philip Morris USA's lawfully owned trademarks and trade

22  dress.  Defendants' conduct has produced and, unless enjoined by this Court, will continue

23  to produce widespread consumer confusion and deception as well as irreparable injury to

24  Philip Morris USA.

25    4.    For several decades, Philip Morris USA has used, in connection with its

26  tobacco products, the MARLBORO® mark and various other trademarks incorporating the

27  word MARLBORO® and/or the MARLBORO Roof Design Label® mark, a pentagonal

28  figure with a horizontal top and two vertical sides with two upwardly and inwardly sloping

1

COMPLAINT

1   diagonals (collectively, the "Marlboro Marks").  Philip Morris USA has spent substantial

2   time, effort and money advertising and promoting the Marlboro Marks throughout the

3   United States, and these marks have consequently developed significant goodwill, have

4   become distinctive, and have acquired secondary meaning.

5          5.     In a blatant attempt to profit from Philip Morris USA's substantial investment

6   in its Marlboro Marks, Defendants have sold cigarettes in packaging that bears spurious

7   marks that are either identical with or substantially indistinguishable from the Marlboro

8   Marks.  Consumers naturally would expect that cigarettes sold in packaging that bears the

9   famous Marlboro Marks would be manufactured or licensed or sponsored by, or affiliated

10  with, Philip Morris USA.  However, Philip Morris USA has confirmed that the cigarettes at

11  issue were not manufactured licensed or sponsored by Philip Morris USA and are

12  counterfeit.  Thus, consumers will be confused and/or disappointed by the differences

13  between the counterfeit cigarettes and the genuine MARLBORO® and/or MARLBORO

14  LIGHTS® cigarettes manufactured and sold by Philip Morris USA or its affiliates.

15         6.     As a result of Defendants' actions, Philip Morris USA is suffering a loss of

16  the enormous goodwill Philip Morris USA created in its MARLBORO® and/or

17  MARLBORO LIGHTS® products and is losing profits from lost sales of genuine products.

18  This action seeks permanent injunctive relief and damages for Defendants' infringement of

19  Philip Morris USA's intellectual property rights.

20                          **THE PARTIES**

21         7.     Plaintiff Philip Morris USA is a corporation organized and existing under the

22  laws of the Commonwealth of Virginia with its principal place of business at 6601 West

23  Broad Street, Richmond, Virginia 23230.

24         8.     Defendants' names, entity types and addresses are set forth in Exhibit A,

25  attached hereto and incorporated herein by reference.

26         9.     Philip Morris USA does not know the true names and capacities of the

27  Defendants sued herein as Does One through Ten inclusive, and therefore sues these

28

2

COMPLAINT

1  Defendants by such fictitious names.  Philip Morris USA will amend this Complaint to
2  allege the true names and capacities of these Defendants when it ascertains the same.

3  **FACTS GIVING RISE TO THIS ACTION**

4  **A.    THE SALE OF COUNTERFEIT CIGARETTES**

5       10.    Philip Morris USA manufactures cigarettes, including the famous
6  MARLBORO® brand, for sale in the United States.  Retail establishments throughout the
7  United States offer these cigarettes for sale to the adult public.

8       11.    Between April 2005 and August 2005, Philip Morris USA conclusively
9  identified as counterfeit one or more packs of cigarettes bearing the MARLBORO® and/or
10 MARLBORO LIGHTS® marks, offered for sale by each of the named Defendants.  Philip
11 Morris USA discovered these counterfeit cigarettes in one of the following two ways:

12      12.    For the Defendants listed in Exhibit A to this Complaint as Numbers 1
13 through 19, an investigator under contract with Philip Morris USA purchased one or more
14 packs (20 cigarettes per pack) of cigarettes bearing the MARLBORO® and/or
15 MARLBORO LIGHTS® marks, from the named Defendants' retail establishments.  The
16 dates of these purchases are listed in Exhibit A, attached hereto.

17      13.    The investigator delivered the purchased packs of cigarettes to a Philip Morris
18 USA facility.  Philip Morris USA personnel then examined the cigarette packs using a
19 series of proprietary inspection methods and conclusively was counterfeit one or more of
20 the packs purchased from each of these Defendants' retail establishments.

21      14.    For the remainder of the Defendants (i.e., those listed in Exhibit A to this
22 Complaint as Numbers 20 through 23), cigarettes bearing the MARLBORO® and/or
23 MARLBORO LIGHTS® marks were seized from the named Defendants' retail
24 establishments by the California Board of Equalization ("BOE").  The dates of these BOE
25 seizures are listed in Exhibit A, attached hereto.

26      15.    Philip Morris USA subsequently learned of the BOE seizures from
27 Defendants' retail establishments, and Philip Morris USA sent representatives to the BOE
28 to inspect these seized cigarettes.  After inspecting the cigarette packaging a series of

COMPLAINT

proprietary methods, Philip Morris USA representatives conclusively determined that one or more of the packs seized by the BOE from each of these Defendants' retail establishments was counterfeit.

**B.    THE LIKELIHOOD OF CONFUSION AND INJURY CAUSED BY DEFENDANTS' ACTIONS**

16.    The counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes are not the same or of the same quality as those manufactured and sold by Philip Morris USA under the same brand name. As such, consumers who purchase the counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes likely will be confused and/or disappointed by the differences between the counterfeit cigarettes and the genuine MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes. In addition, the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes is likely to cause confusion among consumers regarding Philip Morris USA's sponsorship or approval of the counterfeit cigarettes. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® products and is losing profits from lost sales of genuine products.

**C.    THE INFRINGED TRADEMARKS**

17.    Philip Morris USA is the United States owner of the famous Marlboro Marks under which the MARLBORO® cigarettes are sold and are among the most valuable trademarks in the world. The "Marlboro Marks" include, without limitation, MARLBORO® and MARLBORO LIGHTS®. Philip Morris USA has invested substantial time, effort and money in advertising and promoting the Marlboro Marks throughout the United States. The vast majority of MARLBORO® advertising and promotional activities display the Roof Design label mark and/or a MARLBORO® word mark. As a result, the Marlboro Marks are reportedly among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these marks.

4

COMPLAINT

18.     Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

True and correct copies of these registration certificates and/or computer printouts from the records of the USPTO are attached hereto as Exhibits B through E.

19.     Defendants threaten to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Philip Morris USA's irreparable damage.

## FIRST CLAIM FOR RELIEF

(For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

20.     Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 hereof.

21.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of one or more of the Marlboro Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in one or more of the Marlboro Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

5

22.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

(For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

23.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 hereof.

24.    The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the origin, sponsorship or approval of counterfeit cigarettes by Philip Morris USA.

25.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF

(For Unfair Competition in Violation of California State Common Law)

26.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 hereof.

27.    Defendants' conduct, as alleged above, constitutes unfair competition under California State common law.  Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related or associated with, or sponsored or endorsed by, Philip Morris USA.

COMPLAINT

28.   Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

WHEREFORE, Plaintiff Philip Morris USA Inc. prays for judgment as follows:

A.   For judgment that:

> (i)   Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;
>
> (i)   Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and
>
> (ii)   Defendants engaged in unfair competition in violation of the common law of the State of California.

B.   For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees and attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from (i) purchasing, distributing, selling, or offering for sale, counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; or (ii) using the Marlboro Marks or trademarks confusingly similar therewith or the MARLBORO® and/or MARLBORO LIGHTS® trade dress or trade dress confusingly similar therewith with the exception of the sale and, offering for sale of genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

C.   For an order (i) requiring Defendants to account for and pay over to Philip Morris USA all of Defendants' profits derived from their unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. Section 1117(a), including treble damages where appropriate; (ii) as an alternative to awarding profits under Sections 35(a), awarding Philip Morris USA statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); and (iii) awarding Philip Morris USA general and special damages to the full extent provided for by the common law of the State of California.

7

COMPLAINT

D.    For costs of suit, including attorneys fees where appropriate, and for such other and further relief as the Court shall deem appropriate.


DATED:  January 19, 2006            HELLER EHRMAN LLP


                                    By _____ /s/ Anna S. McLean _____
                                            Anna S. McLean

                                    Attorneys for Plaintiff
                                    PHILIP MORRIS USA INC.

8

COMPLAINT