Anna S. McLean (Bar No. 142233)
Nathaniel R. Spencer-Mork (Bar No. 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Anna.McLean@hellerehrman.com
Nate.Spencermork@hellerehrman.com

John C. Ulin (Bar No. 165524)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA  90071
Telephone:  (213) 689-0200
Facsimile:  (213) 614-1868
John.Ulin@hellerehrman.com

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>M&S MARKET, INC., *et al.*,<br><br>                              Defendants. | Case No.: 06-cv-0133 WBS DAD<br><br>**[PROPOSED] ORDER FOR DEFAULT JUDGMENTS**<br><br>[F.R.C.P. 55(b)]<br><br>[Filed Concurrently With Application for Default Judgment; Memorandum of Points and Authorities; and Declaration of Counsel of Philip Morris USA Inc.]<br><br>Hearing Date:  October 20, 2006<br>Time:               10:00 a.m.<br>Courtroom:     27<br><br>The Honorable William B. Shubb |

[PROPOSED] ORDER FOR DEFAULT JUDGMENTS
CASE NO. 06-cv-0133 WBS DAD

PDF created with pdfFactory trial version www.pdffactory.com

Plaintiff Philip Morris USA, Inc. ("Philip Morris USA") has filed an Application for Default Judgment against the following Defendants in this action (hereinafter, collectively "Defendants"):

1. ROY F. KELTNER, individually and doing business as LONDON GENERAL STORE-DINUBA (served January 25, 2006; clerk's default entered June 6, 2006);

2. M&S MARKET, INC., a California Corporation (served January 25, 2006; clerk's default entered May 22, 2006);

3. BENGALS, INC., a California Corporation doing business as OLD TOWNE FOOD MARKET (4) (served March 9, 2006; clerk's default entered June 6, 2006).

Philip Morris USA, having properly served a Summons and Complaint ("Complaint") upon each of the Defendants, and Defendants having failed to timely respond to Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.   This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the common law of the State of California. This Court has personal jurisdiction over Philip Morris USA and Defendants, and subject matter jurisdiction of the matters in controversy between Philip Morris USA and Defendants. Venue in this judicial district is proper.

2.   Defendants have not made any objections regarding the sufficiency of process or the sufficiency of service of process in this section. Any objections Defendants may have regarding the sufficiency of process or the sufficiency of service of process in these actions are hereby deemed waived.

3.   Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid,

1

[PROPOSED] ORDER FOR DEFAULT JUDGMENTS
CASE NO. 06-cv-0133 WBS DAD

PDF created with pdfFactory trial version www.pdffactory.com

subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.  Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.  Beginning on or about April 1, 2005, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendants offered for sale and sold to the general public counterfeit MARLBORO® brand cigarettes.

6.  Philip Morris USA filed the Complaint in this matter on January 20, 2006.

7.  Defendants were served with Summons and Complaint on the dates set forth above. Entry of Default was recorded against Defendants due to their failure to answer or otherwise respond to the Complaint. On September 19, 2006 Plaintiff presented this Court with its Application for Default Judgment against Defendants.

9.  Accordingly, it is hereby **ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

2

PDF created with pdfFactory trial version www.pdffactory.com

(ii) assisting, aiding or abetting any other person on entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

(iii) interfering with or impeding in any way the inspections authorized by paragraph 11 of this Order.

10. **IT IS FURTHER ORDERED THAT** the Defendants cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at their retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendants' inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks and counterfeit (such inspections may proceed at any Defendants' retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any day such retail outlet is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendants' suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

11. **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendants are liable to Plaintiff in the amount not less than $10,000 for violations of Sections 32 and 43(a) of the Lanham Act.

12. **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(a)(3), Defendants are liable to Plaintiff in the amount of $150 each for M&S Market and Roy F. Keltner, and $310 for Bengals, Inc. for costs incurred in bringing this action against Defendants.

13. **IT IS FURTHER ORDERED THAT** each Defendant is liable to Plaintiff for attorney fees in the amount of $3,191.25.

14. The terms of this Judgment and Permanent Injunction shall be enforceable

PDF created with pdfFactory trial version www.pdffactory.com

against Defendants, their successors in interest and assigns, and any persons or business entities working in concert with Defendants.

15. There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all claims asserted in this action by Philip Morris USA against Defendants pursuant to Federal Rule of Civil Procedure 54(b).

15. The court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Defendants shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendants and shall also be entitled to recover its attorneys' fees for any further prosecution of this action.

**IT IS SO ORDERED.**

DATED: December 12, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com